**AFFIDAVIT OF ELISHA MORRIS**

I, Elisha Morris, Narcotics Detective with the Kentucky State Police and Task Force Officer with Drug Enforcement Administration being duly sworn, depose and state that:

1. I have been employed by Kentucky State Police (KSP) since 2004 and have been a Narcotics Detective since 2008. I have been a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) since 2016 and I am presently assigned to the DEA Lexington Resident Office.  As a DEA TFO, my duties have included investigations of violations of federal law and I have investigated and arrested persons for the unlawful distribution and possession with the intent to distribute controlled substances in violation of 21 U.S.C. § 841(a) (1).  I have investigated over 500 drug cases and been a part of over 1,000 drug cases in Kentucky involving Marijuana, Cocaine, Crack Cocaine, Heroin, Fentanyl, Carfentanil, Methamphetamines, Crystal Methamphetamines, LSD, Acid, Ecstasy, and Prescription Medicines.

2. I have been a part of AGEOs (Attorney General Exempt Order) Rapido Dinero and Valle Verde that have conducted over 230 money pickups (drug proceeds) in the United States and other countries.   I have assisted and been the lead investigator in several money pickups in Central Kentucky where the money was from drug proceeds.  And I have testified in State and Federal Court regarding narcotic investigations.

3.  I have received formal training as follows: Hazardous Materials Technician/Meth Lab Investigations; Commercial Vehicle/Motor Vehicle Interdiction; Planning, Drafting, Executing Search Warrants; Reid Technique of Interview and Interrogation; DEA Basic Narcotics Investigation School; KSP DE/SI In-Service (13 years); Member of Kentucky Narcotic Officer's Association (KNOA); U.S. Department of Justice Money Laundering and Asset Recovery Sections Basic Financial Investigations Seminar.

4.  The statements contained in this Affidavit are based, in part, on information I have learned through my own investigation, experience, and background as a TFO, along with information gained from other law enforcement officials and individuals who assisted in this investigation.  The information contained herein is not meant to include every detail of every aspect of this investigation, but to provide sufficient information to support a civil complaint for the forfeiture of United States currency that was seized during a traffic stop on April 29, 2022, from Timothy Aron Benson.

5.  On April 29, 2022, in Grant County, Kentucky, KSP Trooper Caleb Dicken conducted a traffic stop of a grey Chevrolet Monte Carlo, with a Michigan temporary registration tag, operated by Benson. Trooper Dicken made the stop after he observed the vehicle swerve into the left most lane three times.

6.  The operator and sole occupant of the vehicle identified himself as Timothy Aron Benson. Trooper Dicken asked Benson to exit the vehicle and speak with him after

observing the odor of marijuana coming from the vehicle. Benson was very hesitant in exiting the vehicle and immediately lit a cigarette.

7. While speaking to Benson, Trooper Dicken could smell the odor of marijuana coming from Benson's person. Benson advised Trooper Dicken he had purchased the grey Chevrolet Monte Carlo three days ago and took the vehicle for a test drive to his sister's residence in Williamsburg, Kentucky, who has cancer. Trooper Dicken asked Benson if he had smoked marijuana in the vehicle or recently. Benson said he had not smoked marijuana and there was no marijuana in the vehicle.

8. Trooper Dicken advised Benson he was going to pat him down for weapons before searching the vehicle due to the odor of marijuana. During the pat-down, Trooper Dicken felt a bulge in Benson's right jacket pocket. Based on his training and experience, Trooper Dicken believed the bulge to be contraband and asked Benson what was in the pocket. Benson removed a bag containing marijuana from his right jacket pocket. He stated that he had forgotten about the quarter-ounce to one ounce of marijuana on him. Benson then pulled an unknown amount of United States currency from his left jacket pocket and stated it was $2,200.00. Trooper Dicken asked Benson if he had been in trouble before and Benson stated he had for marijuana, but it was a long time ago.

9. A search of the vehicle resulted in location of a Marlboro cigarette pack containing marijuana in the passenger seat and multiple stacks of rubber-banded United States currency in the center console. Trooper Dicken asked Benson how

3

much money was there, and Benson stated 15. Inside the trunk of the vehicle was an unzipped suitcase containing two white trash bags. A green leafy substance, consistent with marijuana residue, was observed inside the trash bags and inside the suitcase.

10. Trooper Dicken conducted a consensual interview with Benson after advising him of his *Miranda* rights. Benson stated he traveled from Michigan to Williamsburg, Kentucky, with his life savings—approximately $17,000.00—so he could pay his sister's medical bills since she had cancer. Benson stated he also planned to purchase a Jeep for $4,400.00. Trooper Dicken asked how he was going to get the Jeep back to Michigan after he purchased it, and Benson stated he would drive back to Michigan and pick up his daughter, who would drive the Jeep back to Michigan.

11. Benson stated that while visiting his sister, he asked her where he could buy some marijuana and she gave him the name Dan Oaks in Williamsburg. Benson stated Dan Oaks was the same person he was going to purchase the Jeep from and that he said he purchased marijuana for $60.00 at Oaks' residence. Benson also stated that his sister gave him the suitcase that was in the trunk because he was going on vacation in three months, and when he received the suitcase, it was zipped shut.

12. Benson stated he had received a $24,000.00 settlement from social security.

13. When asked again the reason for the trip, Benson stated he came down to Kentucky originally buy a car and to help his sister work on her house.

14. Trooper Jack Gabriel and his canine Pluto responded to the scene of the traffic stop. The currency from Benson's console was placed in an unmarked evidence envelope, which was then placed in the nearby ditch. An empty envelope was placed in the ditch, as well. Canine Pluto was deployed to perform an open-air sniff and immediately alerted to the odor of narcotics at the envelope containing the cash.

15. Trooper Dicken advised Benson that the cash, later determined to be $16,399.00, would be seized and Benson was given a receipt.

16. Several factors contributed to the officer's belief that there was probable cause that the U.S. currency seized from Benson was proceeds of drug-related activities, including:

- Benson's denial that he was in possession of marijuana when he had a baggie of marijuana in his pocket;

- His inconsistent stories regarding the purpose of his trip from Michigan to Kentucky;

- Multiple stories as to the reason for carrying a large amount of cash;

- Presence of suitcase and trash bags containing green leafy material consistent with marijuana;

- The manner in which the cash was rubber banded together—which is consistent with drug trafficking; and

- Positive canine alert on the cash.

17. On or about July 15, 2022, Benson filed a claim in DEA's administrative forfeiture proceeding to the $16,399.00 seized from him.

For the above-stated reasons your affiant believes that the seized currency was furnished or intended to be furnished in exchange for controlled substances, was proceeds traceable to such an exchange, or was intended to be used to facilitate the illegal sale of narcotics and is, therefore, subject to seizure and forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

I declare under penalty of perjury, as provided by federal law, that the foregoing statements are true.

This **6** day of **October**, 2022.

ELISHA MORRIS (Affiliate)
Digitally signed by ELISHA MORRIS (Affiliate)
Date: 2022.10.06 12:53:44 -04'00'

Elisha Morris, Task Force Officer
Drug Enforcement Administration

6